UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO SALDANA,<br><br>               Petitioner<br><br>    v.<br><br>WARDEN,<br><br>              Respondent. | CIVIL ACTION NO. 3:25-CV-02472<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Julio Saldana ("Saldana") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") determination to not apply his earned time credits ("ETC") under the First Step Act ("FSA") because his underlying conviction makes him ineligible. (Doc. 1). For reasons set forth below, the Court will dismiss the petition.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On April 18, 2019, Saldana was sentenced to 138-months of imprisonment after pleading guilty to conspiracy to distribute and to possess with intent to distribute controlled substances (Fentanyl) under 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(A)(vi). *United States v. Saldana*, No. 1:18-CR-00033-JL, Doc. 596 (D.N.H.). Saldana is currently housed in the Federal Correctional Institution Schuylkill ("FCI-Schuylkill") in Minersville, Pennsylvania.

Saldana initiated this habeas corpus action under 28 U.S.C. § 2241 in December of 2025. (Doc. 1). On December 19, 2025, the Court entered an order instructing Saldana to pay the statutorily required filing fee or file a motion to proceed *in forma pauperis* within thirty-days. (Doc. 3). On January 14, 2026, Saldana paid the filing fee. The Court will now screen the petition pursuant to Rule 4.

## II.  VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")  Saldana is housed at FCI-Schuylkill in Schuylkill County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, this Court is the proper venue for the action.

## III.  DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. 18 U.S.C. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. 18 U.S.C. § 3632(d)(4)(A)(ii).

2

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible for ETC. 18 U.S.C. § 3632(d)(4)(D). Saldana alleges that his underlying conviction is being considered a crime of violence in error resulting him being deemed ineligible for the application of FSA credits. (Doc. 1). However, the focus of Saldana's petition is misplaced. Saldana's conviction under 21 U.S.C. § 841(b)(1) for the distribution of and possession with intent to distribute fentanyl is listed as a disqualifying offense under the FSA regardless of whether or not it qualified as a crime of violence.

> Section 3632 includes the following conviction as disqualifying under the FSA:
>
> Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi).

The compound of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide is commonly known as Fentanyl. *Severino v. Warden, FCI Fort Dix*, No. 23-3114, 2024 WL 208964, *3 n.2 (D.N.J. Jan. 19, 2024). Here, Saldana pled guilty to a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) possession with intent to distribute 400 grams or more of Fentanyl. *Saldana*, No. 1:18-CR-00033-JL, Doc. 596. Therefore, despite his argument that the underlying conviction was not a crime of violence, his underlying conviction regardless of it's violence classification precludes Saldana from accruing time credits under the FSA. As such, the petition will be dismissed with prejudice.

**IV.     CONCLUSION**

     For the above stated reasons, the petition for writ of habeas corpus will be dismissed with prejudice pursuant to Rule 4. An appropriate order follows.

**Dated: January 26, 2026**                                   *s/ Karoline Mehalchick*
                                                                         **KAROLINE MEHALCHICK**
                                                                         **United States District Judge**